# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONOVAN CRUZ<br>4 Valley Road<br>Manalpan, NJ 07726<br><br>Plaintiff,<br><br>vs.<br><br>ATLANTIC AVIATION PHILADELPHIA, INC.<br>8375 Enterprise Ave.<br>Philadelphia, PA 19153<br><br>Defendant. | Case No.<br><br>**COLLECTIVE/CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Donovan Cruz ("Plaintiff"), in his individual capacity and on behalf of all similarly situated individuals currently or formerly employed by Defendant Atlantic Aviation Philadelphia, Inc. ("Atlantic"), and through his undersigned counsel, hereby states as follows:

## INTRODUCTION

1. This is a collective and class action for damages, injunctive relief, and for a declaratory judgment against Atlantic for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.

2. Plaintiff further complains on behalf of himself and a class of other similarly situated employees of the Atlantic, pursuant to Fed. R. Civ. P. 23, that he is entitled to unpaid wages from Atlantic for work performed for which they did not receive compensation as well as for overtime work for which they did not receive overtime premium pay as required by the

Pennsylvania Minimum Wage Act 43 P.S. §§ 333.101 – 333.115 ("PMWA"), the Pennsylvania Wage Payment Collection Law, 43 P.S. §§260.1 – 260.45 ("WPCL"), and the Philadelphia Wage Theft Ordinance in 9 Phila. Code § 9-4301, et seq.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, as it is a law of the United States.

4. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act ("CAFA") inasmuch as Atlantic is a citizen of the Commonwealth of Pennsylvania and the members of the Class alleged herein include persons who are citizens of States other than Pennsylvania; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interests and costs.

5. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to his FLSA claims that they form part of the same case or controversy.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff Donovan Cruz is an adult individual residing in Manalpan, New Jersey and pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. A copy of Plaintiff's consent is attached hereto as Exhibit A.

9. Upon information and belief, Atlantic is a Delaware corporation with its principal place of business located at 8375 Enterprise Ave., Philadelphia, Pennsylvania.

10. Atlantic is in the business of, *inter alia*, operating the general aviation airport terminal at Philadelphia International Airport and servicing private planes using that terminal. It employs in excess of 40 people at Philadelphia International Airport ("PHL").

11. According to PHL's website, "Atlantic Aviation is a full-service, fixed-base operator serving private, corporate and general aviation aircraft at Philadelphia International Airport."

12. Atlantic operates at PHL under a contract with PHL, which is a part of the City of Philadelphia's Division of Aviation. It also operates under a contract with the City of Philadelphia at Northeast Philadelphia Airport.

13. Atlantic is a covered employer within the meaning of the FLSA, PMWA, and WPCL, and the Wage Theft Ordinance.

## PLAINTIFF'S WAGE AND HOUR FACTUAL ALLEGATIONS

14. Plaintiff has been employed by Defendant since December 2016 as a non-exempt employee who works as a linesman.

15. Plaintiff is paid on an hourly basis and his position is not exempt from the overtime requirements of Section 7 of the FLSA, 29 U.S.C. § 207 or under PMWA.

16. Plaintiff worked for Atlantic as non-exempt employee within the meaning FLSA, PMWA, WPCL, and Wage Theft Ordinance during the statutory periods for bringing a cause of action under the terms of those acts.

17. Defendant's scheduled day for Plaintiff and those similarly situated to him was to work for 8 hours per day and for five days per week, which adds up to 40 hours per regularly scheduled week.

18. Consistent with Atlantic's policy, pattern and practice, Plaintiff and similarly situated non-exempt employees ("the Collective Action Class") regularly worked in excess of forty (40) hours per workweek without receiving the legally required amount of regular and overtime wages as required by the federal and state laws set forth herein.

19. Throughout the course of Plaintiff's employment, Atlantic has routinely rounded down the hours Plaintiff, the Collective Action Class, and the Pennsylvania Class[1] worked on a given workday on a near daily basis. For example:

   a. On December 18, 2016, Plaintiff clocked in at 2:00 p.m. and clocked out at 10:19 p.m., but Atlantic revised his time entries to show that he worked eight hours instead of eight hours and nineteen minutes.

   b. On January 9, 2017, Plaintiff clocked in at 2:00 p.m. and clocked out at 10:14 p.m., but Atlantic revised his time entries to show that he worked eight hours instead of eight hours and fourteen minutes.

   c. On February 24, 2017, Plaintiff clocked in at 1:00 p.m. and clocked out at 10:15 p.m., but Atlantic revised his time entries to show that he worked nine hours instead of nine hours and fifteen minutes.

   d. On March 11, 2017, Plaintiff clocked in at 3:00 p.m. and clocked out at 3:15 a.m., but Atlantic revised his time entries to show that he worked 12 hours instead of 12 hours and 15 minutes.

---

[1] The Pennsylvania Class is defined at paragraph 36, *infra*.

4

    e. On April 9, 2017, Plaintiff clocked in at 1:00 p.m. and clocked out at 10:10 p.m., but Atlantic revised his time entries to show that he worked nine hours instead of nine hours and ten minutes.

    f. On May 2, 2017, Plaintiff clocked in at 2:00 p.m. and clocked out at 10:15 p.m., but Atlantic revised his time entries to show that he worked eight hours instead of eight hours and fifteen minutes.

20. The rounding behavior described above occurred on daily basis with respect to the hours worked by Plaintiff and the Collective Action Class members.

21. Pursuant to 29 C.F.R. Part 516, Atlantic is required to possess and maintain Plaintiff's time sheets and other records related to its employees' hours worked.

22. Atlantic has failed to timely pay Plaintiff and members of the Collective Action Class for all of the underpaid regular and overtime hours they worked.

23. Atlantic maintained and exhibited a uniform policy, pattern and practice of willfully failing to pay Plaintiff and other individuals in the same or comparable positions for all hours worked, and also did not pay them the legally required amount of overtime compensation in an amount required by law and on a timely basis in violation of the FLSA, PMWA, the WPCL, and the Wage Theft Ordinance.

24. As part of their regular business practice, Atlantic has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, PMWA, WPCL, and Wage Theft Ordinance with respect to the Plaintiff and those similarly situated to him. This policy, pattern, and/or practice includes, but is not limited to willfully failing to pay Plaintiff and those similarly situated to him the regular rate of pay for all hours up to 40 per week, and overtime

wages of one and one-half their regular rate of pay for all hours worked in excess of 40 hours per week.

25.     All actions and omissions described in this Complaint were made by Atlantic directly or through its supervisory employees and agents.

26.     Upon information and belief, Atlantic's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA, PMWA, the WPCL, and the Wage Theft Ordinance.

27.     Atlantic's failure to comply with the FLSA, PMWA, the WPCL, and the Wage Theft Ordinance was willful and caused Plaintiff and the Collective Action Class and Pennsylvania Class members to suffer lost wages and interest thereon.

28.     Atlantic's unlawful conduct has been widespread, repeated, and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.     Pursuant to 29 U.S.C. §§ 207 and 216, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Atlantic as nonexempt employees at PHL and North East Philadelphia Airport at any time since June 2015 to the entry of judgment in this case (the "Collective Action Period") who were not paid for hours that they actually worked as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

30.     Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

31.     Plaintiff and the Collective Action Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Atlantic's

previously described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated regular time and overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Atlantic's common compensation, timekeeping, and payroll practices.

32. Specifically, Atlantic failed to pay the members of the Collective Action Class the legally required amount of regular time and overtime compensation of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week in violation of the FLSA and the regulations promulgated thereunder.

33. Atlantic violated the FLSA and the regulations promulgated thereunder because they manipulated the number of hours worked per employee per day in order to decrease the total compensation owed to each employee.

34. The similarly situated employees are known to Atlantic, are readily identifiable, and can be located through Atlantic's records. Atlantic employs many non-exempt employees who are compensated pursuant to Atlantic's common policy regarding regular and overtime compensation. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff sues on his own behalf and on behalf of the Pennsylvania Class as defined below, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

36. Plaintiff brings his PMWA, WPCL, and Wage Theft Ordinance claims on behalf of all persons who were employed by Defendant in the Commonwealth of Pennsylvania at PHL and

previously described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated regular time and overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Atlantic's common compensation, timekeeping, and payroll practices.

32. Specifically, Atlantic failed to pay the members of the Collective Action Class the legally required amount of regular time and overtime compensation of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week in violation of the FLSA and the regulations promulgated thereunder.

33. Atlantic violated the FLSA and the regulations promulgated thereunder because they manipulated the number of hours worked per employee per day in order to decrease the total compensation owed to each employee.

34. The similarly situated employees are known to Atlantic, are readily identifiable, and can be located through Atlantic's records. Atlantic employs many non-exempt employees who are compensated pursuant to Atlantic's common policy regarding regular and overtime compensation. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff sues on his own behalf and on behalf of the Pennsylvania Class as defined below, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

36. Plaintiff brings his PMWA, WPCL, and Wage Theft Ordinance claims on behalf of all persons who were employed by Defendant in the Commonwealth of Pennsylvania at PHL and

Northeast Philadelphia Airport as non-exempt employees at any time since June 15, 2015, to the entry of judgment in this case (the "Class Period"), who were employees within the meaning of the PMWA, WPCL, and Wage Theft Ordinance and have not been paid for hours actually worked as well as overtime wages in violation of the PMWA, WPCL, and/or Wage Theft Ordinance (the "Pennsylvania Class").

37. Atlantic failed to pay the members of the Pennsylvania Class the legally and required amount of regular and overtime compensation for all hours in violation of the PMWA, WPCL, and regulations promulgated thereunder.

38. Atlantic violated the PMWA, WPCL, and Wage Theft Ordinance and the regulations promulgated thereunder, because they (1) failed to pay Plaintiff and the Pennsylvania Class members for all non-overtime and overtime hours worked on a timely basis, (2) failed to provide Plaintiff and the Pennsylvania Class with a clear, mutual understanding that Atlantic will pay employees as described above, and (3) failed to pay Plaintiff and the Pennsylvania Class an appropriate overtime premium in addition to the regular hourly pay for all hours worked in excess of forty (40) during the week.

39. As a result of the foregoing, members of the Pennsylvania Class were paid for hours worked, including hours worked over forty during the workweek, at rates which were less than their regular rate of pay and less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, thereby violating the PMWA, WPCL, and Wage Theft Ordinance, and the regulations promulgated thereunder, by adoption.

40. The Pennsylvania Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are

known to Atlantic, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are at least 40 members of the Pennsylvania Class.

41. There are questions of law and fact common to the members of the Pennsylvania Class that predominate over any questions solely affecting the individual members of the Pennsylvania Class, including, without limitation:

   a. Whether Atlantic employed Plaintiff and the Pennsylvania Class members within the meaning of the PMWA, WPCL, and Wage Theft Ordinance;

   b. Whether Atlantic failed to pay Plaintiff and the Pennsylvania Class members for all of the hours they worked;

   c. Whether Atlantic failed to pay Plaintiff and the Pennsylvania Class members overtime wages of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek;

   d. Whether Atlantic violated the PMWA, the WPCL, and the regulations promulgated thereunder because it (1) failed to pay Plaintiff and the Pennsylvania Class members for all non-overtime and overtime hours worked on a timely basis, and (2) failed to pay Plaintiff and the Pennsylvania Class a fifty percent (50%) overtime premium in addition the regular hourly pay for all hours worked in excess of forty (40) during the week;

   e. Whether Atlantic failed to pay Plaintiff and the Pennsylvania Class the legally required amount of overtime compensation for hours worked in excess of forty hours per workweek, in violation of the PMWA, the WPCL, and the regulations promulgated thereunder;

  f. Whether Atlantic is liable for all damages claimed by Plaintiff and the Pennsylvania Class, including, without limitation, compensatory, liquidated, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

  g. Whether Atlantic should be enjoined from continuing to violate the PMWA, WPCL, and Wage Theft Ordinance in the future.

42. Plaintiff's claims are typical of the claims of the members of the Pennsylvania Class. Plaintiff has the same interests in this matter as all other members of the Pennsylvania Class.

43. Plaintiff is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

44. Class certification of Plaintiff's and WPCL claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Atlantic has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The members of the Pennsylvania Class are entitled to injunctive relief to end Atlantic's common and uniform policy and practice of denying the Pennsylvania Class the wages to which they are entitled.

45. Class certification of Plaintiff's PMWA and WPCL claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

46. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

47.  Plaintiff realleges and incorporates by reference the preceding paragraphs.

48.  At all relevant times, Atlantic has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49.  At all relevant times, Atlantic employed, and/or continues to employ, Plaintiff and each of the Collective Action Class members within the meaning of the FLSA.

50.  At all relevant times, Atlantic has had a policy and practice of willfully refusing to pay its non-exempt employees and all Collective Action Class members for all hours worked, failed to pay them the legally required amount of overtime compensation for work performed in excess of forty hours in a workweek, as well as failing to pay them overtime compensation on a timely basis in violation of the FLSA.

51.  As a result of Atlantic's willful failure to compensate Plaintiff and the Collective Action Class members for all hours worked, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, and on a timely basis, Atlantic has violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a).

52.  Atlantic's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

53.  Due to Defendant's FLSA violations, Plaintiff and the Collective Action Class members are entitled to recover from Defendant their unpaid wages, the legally required amount of overtime compensation for all of the hours worked by them in excess of 40 in a workweek, actual and liquidated damages in an additional amount equal to the unpaid wages, including the

employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, as well as reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## PENNSYLVANIA WAGE AND HOUR LAW

54. Plaintiff realleges and incorporates by reference the preceding paragraphs.

55. At all relevant times, Plaintiff and the Pennsylvania Class members were employed by Atlantic within the meaning of the PMWA.

56. Atlantic willfully violated Plaintiff's rights and the rights of the Pennsylvania Class by failing to pay them the legally required amount of regular pay and failing to pay them the legally required amount of overtime compensation for all hours worked by them in excess of forty in a workweek in violation of the PMWA and its regulations.

57. Atlantic failed to pay the legally required amounts of regular and overtime pay in a timely manner.

58. Atlantic's PMWA violations have caused Plaintiff and the Pennsylvania Class irreparable harm for which there is no adequate remedy at law.

59. Due to Atlantic's PMWA violations, Plaintiff and the Pennsylvania Class are entitled to recover from Atlantic their unpaid wages for the legally required amount of regular compensation for all hours worked up to 40 hours and overtime compensation for all hours worked by them in excess of forty in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 43 P.S. § 333.113.

12

### THIRD CLAIM FOR RELIEF:
### PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

60. Plaintiff realleges and incorporates by reference the preceding paragraphs.

61. At all relevant times, Plaintiff and the Pennsylvania Class members were employed by Atlantic within the meaning of the meaning of the WPCL.

62. Pursuant to the WPCL, any employee, or group of employees, to whom any type of wages is payable may institute an action under the act to recover unpaid wages and liquidated damages, as well as costs and reasonable attorneys' fees, in any court of competent jurisdiction for and on behalf of himself or themselves and other employees similarly situated.

63. Atlantic is an employer within the meaning of the WPCL.

64. Every employer in Pennsylvania is required to pay all wages, including overtime wages, other than fringe benefits and wage supplements, due to its employees on regularly scheduled paydays.

65. By repeatedly and unjustifiably failing to pay Plaintiff the overtime wages owed to them as alleged herein, Atlantic has violated the WPCL.

66. Atlantic is thus liable to Plaintiff and the Pennsylvania Class for all wages owed, liquidated damages as permitted in 43 P.S. §§ 260.9a and 260.10, their costs, and reasonable attorneys' fees.

### FOURTH CLAIM FOR RELIEF:
### PHILADELPHIA WAGE THEFT ORDINANCE

67. Plaintiff realleges and incorporates by reference the preceding paragraphs.

68. The Philadelphia Wage Theft Ordinance, 9 Phila. Code §§ 9-4301, et seq. requires employers to comply with Pennsylvania and federal laws regulating the payment of wages, including overtime wages. See 9 Phila. Code § 9-4301.

69. The Wage Theft Ordinance is a lawfully enacted ordinance and exercise of power of a city of the first class under the Home Rule Act, 53 P.S. § 13131. See *Commonwealth. v. Cabell*, 185 A.2d 611 (Pa. Commw. Ct. 1962).

70. Atlantic is subject to the wage payment requirements of the Wage Theft Ordinance because Atlantic is an "employer" under 9 Phila. Code § 9-4301.

71. During all relevant times, Plaintiff was an "employee" under the Wage Theft Ordinance. See 9 Phila. Code § 9-4301.

72. For all relevant times, Plaintiff is an "Authorized Organization" under 9 Phila. Code § 9-4301 because Plaintiff is acting on behalf similarly situated employees to whom overtime wages are due.

73. Plaintiff may bring this Wage Theft Ordinance claim on behalf of the Pennsylvania Class because Plaintiff is an Authorized Organization. 9 Phila. Code § 9-4305(1).

74. During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the Wage Theft Ordinance's above-described protections.

75. Atlantic failed to compensate Plaintiff and the Pennsylvania Class for all hours worked, as well as for overtime wages for hours worked more than forty (40) in a workweek, in violation of the Wage Theft Ordinance. 9 Phila. Code § 9-4301.

76. No good faith contest exists as to the wages owed to Plaintiff and the Pennsylvania Class by Atlantic.

77. Atlantic's violations of the Wage Theft Ordinance are willful and wanton.

78. Pursuant to 9 Phila. Code §§ 9-4305(1) and 9-4307, employers, such as Atlantic, who fail to pay an employee wages in conformance with the Wage Theft Ordinance shall be liable to the employee for the unpaid wages due, costs, reasonable attorneys' fees, and penalties.

79. Atlantic is in violation of the Wage Theft Ordinance by failing to pay Plaintiff and the Pennsylvania Class for all compensable time and for overtime wages due.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

    a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

    b. Certification of the Pennsylvania Class as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and their counsel to represent the members of the Pennsylvania Class;

    c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the PMWA, the WPCL, and the Wage Theft Ordinance;

    d. An injunction requiring Atlantic to cease their unlawful practices under, and comply with, the FLSA, PMWA, the WPCL, and the Wage Theft Ordinance;

    e. An award of unpaid wages for all hours worked and for those hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and the PMWA;

    f. An award of liquidated and/or punitive damages, as well as statutory penalties, as a result of Atlantic's willful failure to pay for all hours worked in excess of forty in a

workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216, Pennsylvania law, and the Wage Theft Ordinance;

        g.     An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

        h.     An award of prejudgment and post-judgment interest;

        i.     An award of costs and expenses of this action together with reasonable attorneys' fees and costs; and

        j.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

Adam Harrison Garner (Bar I.D. 320476)
The Garner Firm, Ltd.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 645-5955 (Tel)
(215) 645-5960 (Fax)
adam@garnerltd.com

*Attorney for Plaintiff*

Dated: June 15, 2018

# Exhibit A

Case 2:18-cv-02517-CFK   Document 1   Filed 06/15/18   Page 18 of 18

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Atlantic Aviation Philadelphia, Inc. to pay me for all hours worked and for overtime wages as required under local, state and/or federal law and also authorizing the filing of this consent in the action challenging such conduct. I hereby designate Plaintiff's counsel, The Garner Firm, Ltd., to represent me in the suit.

_____
Signed Name

6/15/18
Date

Donovan L. Crue
Printed Name

4 Valley Rd
Street Address

Manalapan, NJ 07726
City, State, Zip Code