# Exhibit A

## CONFIDENTIAL SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter "Agreement") is entered into by and between Donovan Cruz ("Plaintiff") in his individual capacity and Atlantic Aviation Philadelphia, Inc. ("Defendant") as set forth below.

## RECITALS

A.  Certain claims, demands, and differences existed between Plaintiff and Defendant, including Plaintiff's contention that Defendant failed to pay wages and overtime wages for all the hours Plaintiff performed work for Defendant in violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment Collection Law ("WPCL"), and the Philadelphia Wage Theft Ordinance ("PWTO").

B.  Plaintiff filed suit on June 15, 2018. The action is styled *Donovan Cruz v. Atlantic Aviation Philadelphia, Inc.,* Civil Action No. 2:18-cv-02517-MSG (the "Lawsuit"), in the United States District Court for the Eastern District of Pennsylvania ("the Court").

C.  The Lawsuit alleges claims on an individual, collective action, and class action basis.

D.  Plaintiff is represented in the Lawsuit by THE GARNER FIRM, LTD. ("Plaintiff's Counsel").

E.  Defendant is represented in the Lawsuit by OGLETREE, DEAKINS, NASH, SMOAK, & STEWART, P.C.

F.  The parties hereto have investigated the legal and factual issues related to the claims and defenses in the Lawsuit.

G.  Plaintiff has not filed and does not intend to file a motion for conditional or final certification of a collective action or class action in the Lawsuit.

H.  The mutual costs, risks, and hazards of continuing to prosecute and defend the Lawsuit have led the parties to resolve the Lawsuit by way of settlement of Plaintiff's claims on an individual basis only and without prejudice to the rights of any other potential collective or class action members, the identities of whom are presently unknown to the parties.

I.  Defendant has denied and continues to deny each of the material claims and contentions alleged in the Lawsuit. Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, is or may be construed or used in the Lawsuit or in any other action or proceeding as an admission, concession, or indication by or against Defendant of any fault, wrongdoing, or liability whatsoever.

J.  It is the intention of the parties to this Agreement to settle and dispose of, fully and completely, any and all wage claims, demands and causes of action that Plaintiff has or may have against Defendant.

## PROVISIONS

1. **COOPERATION BY THE PARTIES**

The parties to this Agreement and their counsel agree to cooperate fully with each other to promptly execute all documents and take all steps necessary to effectuate the terms and conditions of this Agreement.

2. **CONSIDERATION BY DEFENDANT**

In consideration for the release and dismissal set forth in this Agreement, Defendant agrees to pay the Maximum Settlement Amount in accordance with this Agreement.

    a.   "Maximum Settlement Amount"

The "Maximum Settlement Amount" refers to the maximum payment Defendant is responsible for making under this Agreement to Plaintiff and Plaintiff's Counsel. The amount includes payment for the following: unpaid wages, unpaid overtime pay, liquidated damages, interest, penalties, attorneys' fees, costs, expenses, and employee-paid withholding and payroll taxes (including federal income taxes, social security contributions and unemployment taxes). The Maximum Settlement Amount is the total sum of Eleven Thousand and 00/100 ($11,000.00) Dollars.

    (1)   In addition to the Maximum Settlement Amount, Defendant shall be responsible for paying all employer-paid withholding and payroll taxes and similar expenses (including federal income taxes, social security contributions and unemployment taxes) as required by law with respect to settlement payments. Plaintiff will be responsible for his own tax obligations, if any.

    (2)   Defendant's sole monetary obligations under this Agreement shall be the payments as described in this Agreement and the employer-paid withholding and payroll taxes.

    (3)   The payment to Plaintiff will be divided into equal parts. One half of the total amount will be designated as unpaid wages and subject to required taxes including income tax withholding and FICA tax withholding. This payment will be reported on IRS Form W-2 for the calendar year in which it is actually paid. The second half of the total award will be considered as liquidated damages and will be reported by Defendant on IRS Form 1099-MISC as other income for the calendar year in which it is paid. No taxes will be taken from this portion of the settlement amount.

    (4)   The gross payment to Plaintiff, which is to be paid from the Maximum Settlement Amount, is Seven Thousand Three Hundred Thirty-Three and 34/100 ($7,333.34) Dollars.

    (5)   "Attorneys' Fees and Costs," which are to be paid from the Maximum Settlement Amount, refers to the amount to be paid to Plaintiff's Counsel for

representing Plaintiff. The amount of Attorneys' Fees and Costs is Three Thousand Six Hundred Sixty-Six and 66/100 ($3,666.66) Dollars and will be made payable to THE GARNER FIRM, LTD.

    b.    <u>Delivery</u>

The settlement checks shall be delivered to Plaintiff's Counsel within fourteen (14) calendar days of the Court's approval of this Agreement, the Court's dismissal of the Lawsuit, and Defendant's receipt of W-9's from Plaintiff and Plaintiff's Counsel.

## 3. DISMISSAL OF ACTION

The parties will file a joint motion seeking approval of this Agreement and for dismissal of the Lawsuit with prejudice. This Agreement is expressly conditioned on and subject to a Final Approval Order, which means an Order by the Court approving this Agreement.

## 4. COSTS

Defendant shall bear its own costs, expenses, and attorneys' fees incurred in connection with or arising out of the Lawsuit.

## 5. GENERAL RELEASE OF CLAIMS

    a.    In consideration of the payment described above, together with other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiff, on behalf of Plaintiff and his agents, assigns, representatives, and designees, hereby knowingly, voluntarily, fully, finally, and completely SETTLES, RELEASES, AND FOREVER DISCHARGES Defendant, as well as its employees, attorneys, partners, agents, assigns, representatives, designees, insurers, plan administrators, parent companies, subsidiaries, affiliated companies, and other related persons or entities, including their predecessors, successors, and equity and asset purchasers, together with their respective officers, directors, members, managers, shareholders, partners (general and limited), agents, owners, legal representatives, servants, and employees, and the assigns, heirs, privies, predecessors, and successors, and insurers of each such person or entity in their individual, corporate, or official capacities, (collectively, the "Company Releasees") from each and every grievance, administrative claim or proceeding, dispute, claim, demand, arbitration, controversy, action, or cause of action, of whatever kind, character, or nature, known or unknown, relating to all claims for wages, pay, compensation, and overtime. This release includes without limitation all claims that in any way arise from, relate to, or are in any way connected with the allegations in the Lawsuit regardless of whether or not same (i) are presently known or unknown, (ii) have been specifically referenced, claimed, asserted, or made by either of the parties, or (iii) are statutory, contractual, or common law in nature or basis. This release does not include and specifically excludes any claims and damages, including lost wages, Plaintiff has asserted or may assert in the related civil action entitled: *Donovan Cruz v. Atlantic Aviation Philadelphia, Inc. and International Association of Machinists Local Lodge 1176,* pending in the United States District Court for the Eastern District of Pennsylvania under Case Number 2:18-cv-02684-JCJ. As such, this Agreement may not be used or asserted by any of the Company Releasees as a defense or bar to any claim, or otherwise, in the related civil action entitled: *Donovan Cruz v. Atlantic*

*Aviation Philadelphia, Inc. and International Association of Machinists Local Lodge 1176,* pending in the United States District Court for the Eastern District of Pennsylvania under Case Number 2:18-cv-02684-JCJ.

    b.    Without limiting the generality or comprehensiveness of subsection (a), but subject to the limitations set forth therein, Plaintiff knowingly, voluntarily, fully, finally, and completely WAIVES, RELEASES, AND FOREVER DISCHARGES the Company Releasees from all claims, actions, causes of action, or demands existing as of the date of this Agreement under the FLSA, PMWA, WPCL, and PWTO.

    c.    Nothing in this Agreement prohibits Plaintiff from filing an administrative charge or complaint, or otherwise communicating with or participating in an investigation by, a federal, state, or local agency governing employee rights; however, by signing this Agreement, Plaintiff waives Plaintiff's right to recover any damages or other relief in any claim or suit brought by Plaintiff, or by or through a federal, state, or local agency on Plaintiff's behalf, against any of the Company Releasees for wages, pay, compensation, and overtime under any federal, state, or local law, except where prohibited by law or limited by this Agreement.

## 6. CONFIDENTIALITY

Plaintiff and his agents agree that all matters related to settlement negotiations or this Agreement, including without limitation, the terms and amount paid in settlement, and are to remain strictly confidential and not be disclosed unless required by law or the judicial process, as explained below, or as permitted by Paragraph 5(c) above. The only statement that may be made by Plaintiff or his attorney or agents with regard to the monetary consideration paid or with regard to the settlement negotiations surrounding this matter is, "The suit has been resolved" or words to that effect. Notwithstanding the foregoing restrictions, Plaintiff may disclose the terms of the settlement to his spouse, tax and financial advisors, and attorneys, so long as such persons agree to be bound by the confidentiality terms of this Agreement, and to the IRS in response to an inquiry. If any Party files this Agreement with a Court, the Party must file it under seal. The breach of this paragraph by Plaintiff shall not affect the continuing validity or enforceability of this Agreement.

## 7. MEDICARE

    a.    This settlement is based upon a good-faith resolution of a disputed claim. The parties have not shifted responsibility for medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b).

    b.    Plaintiff declares and expressly warrants that Plaintiff is not Medicare eligible, is not a Medicare beneficiary, and is not within thirty (30) months of becoming Medicare eligible. Plaintiff is not 65 years of age or older; Plaintiff is not suffering from end state renal failure or amyotrophic lateral sclerosis; Plaintiff has not received Social Security benefits for twenty-four (24) months or longer; and Plaintiff has not applied for Social Security benefits and/or has not been denied Social Security disability benefits and is appealing the denial.

8. **INDEMNIFICATION**

a. Plaintiff agrees to hold the Company Releasees harmless from, and to defend and indemnify the Company Releasees from and against, all further claims, cross-claims, third-party claims, demands, costs, complaints, obligations, causes of action, damages, judgments, liability, contribution, or indemnity related in any way to allegations that could have been made by Plaintiff with respect to the claims and causes of action released as part of this Agreement, as well as any claims that may be made indirectly against the Company Releasees for contribution, indemnity, or otherwise by any third party from whom or which Plaintiff seeks relief or damages, directly or indirectly, for the same claims and/or causes of action released as part of this Agreement, regardless of whether such claims are caused in whole or in part by the negligence, acts, or omissions of any of the Company Releasees.

b. Plaintiff warrants that Plaintiff is not relying on the judgment or advice of any of the Company Releasees or their counsel concerning the tax consequences, if any, of this Agreement.

9. **NO FUTURE EMPLOYMENT**

As consideration for this Agreement, Plaintiff agrees not to seek future employment with Atlantic Aviation Philadelphia, Inc. or any entity listed on Exhibit A, and further agrees he shall have no recourse for any decision by Atlantic Aviation Philadelphia, Inc. or any entity listed on Exhibit A not to hire him in the future. Plaintiff further agrees this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for the termination of any future employment or the rejection of any application for future employment by Plaintiff.

10. **NO ADMISSIONS**

This Agreement is not and shall not in any way be construed as an admission by any of the Company Releasees of any acts of liability or fault whatsoever with respect to Plaintiff or any other person, or that Defendant violated any federal, state, or local law. Defendant specifically denies and disclaims any liability to Plaintiff or any other person or entity and contend Plaintiff's allegations are wholly without merit.

11. **NON-WAIVER**

Any failure of Defendant to enforce its rights and privileges under this Agreement shall not be deemed to constitute waiver of any rights and privileges contained herein.

12. **ENTIRE AGREEMENT**

This Agreement supersedes any and all prior agreements, arrangements, or understandings between the parties regarding the subject matter herein. The parties acknowledge and agree that there have been no representations, promises, understandings, or agreements made by either party as an inducement for the other party to enter into this Agreement other than what are expressly set forth and contained in the terms of this Agreement. The parties further agree that no evidence of prior promises, commitments, agreements, arrangements, or understandings, nor any oral statements of any kind, can be used to attempt to alter, amend, modify, or in any way

change the written terms of this Agreement. Furthermore, the parties cannot agree orally to alter, amend, modify, or in any way change the terms of this Agreement, and can make such alterations, amendments, modifications, or changes only in a written document that references this Agreement specifically and is signed by an authorized representative of each party.

13. **NO ASSIGNMENT**

Plaintiff hereby represents and warrants that Plaintiff has not assigned, pledged, placed a lien upon, or otherwise in any manner sold or transferred, or purported to assign or transfer, either by instrument in writing or otherwise, any interest in any claim, demand, action, and/or cause of action Plaintiff has or may have against any of the Company Releasees, except to Plaintiff's attorney which has been satisfied by the consideration in paragraph 2. Plaintiff represents and warrants that Plaintiff has made no assignment for the benefit of creditors and he has not filed any bankruptcy proceeding that is affected by this settlement.

14. **NULLIFICATION OF AGREEMENT**

In the event the Court does not approve this Agreement, this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this settlement shall be treated as void *ab initio*. In such event, the parties hereto and any funds to be awarded under this settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, the parties shall proceed in all respects as if this Agreement had not been executed, and shall request a status conference with the Court and issuance of a new scheduling order so that parties may conduct discovery on their respective claims and defenses.

15. **GOVERNING LAW**

This Agreement is made and entered into in the Commonwealth of Pennsylvania and shall be interpreted, enforced, and governed under the laws of the Commonwealth of Pennsylvania, except the normal rule of construction that ambiguities shall be construed against the drafter shall not be employed in the interpretation of this Agreement.

16. **SEVERABILITY**

The parties agree that the provisions of this Agreement are severable and that, if any clause or clauses are found to be unenforceable, the entire Agreement shall not fail, but shall be construed or enforced without any severed clauses in accordance with the terms of this Agreement.

17. **ATTORNEYS' FEES**

In the event either party commences an action in law or equity to enforce its or his rights under any provision of this Agreement, the prevailing party in such action shall be awarded reasonable attorneys' fees and costs incurred in connection with such action.

18.  **COUNTERPARTS**

This Agreement can be executed in any number of counterparts, each of which shall be effective only upon delivery and thereafter shall be deemed an original, and all of which shall be taken to be one and the same instrument for the same effect as if all parties hereto had signed the same signature page. A facsimile or e-mail copy of any party's signature or an electronic signature shall be deemed as legally binding as the original signature.

19.  **REPRESENTATIONS AND WARRANTIES**

The parties represent and warrant that: (a) they have consulted with the respective counsel of their own choosing prior to executing this Agreement and are relying upon their own and their attorney's judgment, belief, and knowledge with respect to the terms and effect of this Agreement; (b) none of the parties is relying on another party, or another party's attorneys, for any advice or counsel, whether same is legal, tax, or other advice; (c) the parties have not been induced to enter this Agreement by a statement, action, or representation of any kind or character made by the persons or entities released under this Agreement, or any person or persons representing them, other than those expressly made in this Agreement; (d) the parties are legally competent to execute this Agreement; (e) they have carefully read and understand this Agreement, and have executed it freely, voluntarily, and without duress; (f) they are fully and completely informed of the facts relating to the subject matter of this Agreement, the claims being compromised are disputed, and all enter into this Agreement voluntarily after having given careful and mature consideration of the making of this Agreement; (g) they fully understand and intend this Agreement to be a full, final, and complete resolution of all matters described herein; and (h) they have actual authority to execute this Agreement.

**Atlantic Aviation Philadelphia, Inc.**

_/s/ Carole Moore_

Printed Name: CAROLE MOORE

Its: Vice President, Secretary

Date: January 4, 2019

**Donovan Cruz**

Date:_____

36630351.1

This Agreement can be executed in any number of counterparts, each of which shall be effective only upon delivery and thereafter shall be deemed an original, and all of which shall be taken to be one and the same instrument for the same effect as if all parties hereto had signed the same signature page. A facsimile or e-mail copy of any party's signature or an electronic signature shall be deemed as legally binding as the original signature.

## 19. REPRESENTATIONS AND WARRANTIES

The parties represent and warrant that: (a) they have consulted with the respective counsel of their own choosing prior to executing this Agreement and are relying upon their own and their attorney's judgment, belief, and knowledge with respect to the terms and effect of this Agreement; (b) none of the parties is relying on another party, or another party's attorneys, for any advice or counsel, whether same is legal, tax, or other advice; (c) the parties have not been induced to enter this Agreement by a statement, action, or representation of any kind or character made by the persons or entities released under this Agreement, or any person or persons representing them, other than those expressly made in this Agreement; (d) the parties are legally competent to execute this Agreement; (e) they have carefully read and understand this Agreement, and have executed it freely, voluntarily, and without duress; (f) they are fully and completely informed of the facts relating to the subject matter of this Agreement, the claims being compromised are disputed, and all enter into this Agreement voluntarily after having given careful and mature consideration of the making of this Agreement; (g) they fully understand and intend this Agreement to be a full, final, and complete resolution of all matters described herein; and (h) they have actual authority to execute this Agreement.

|  |  |
|---|---|
| _/s/ Donovan Cruz_ | **Atlantic Aviation Philadelphia, Inc.** |
| Donovan Cruz | |
| Date: 12/26/18 | Printed Name: _____ |
| | Its: _____ |
| | Date: _____ |

36630351.1

# EXHIBIT A

Atlantic Aviation FBO, Inc. – Parent Company

Atlantic Aviation Corporation

Bridgeport Airport Services

Flightways of Long Island

General Aviation, LLC

Newport FBO Two, LLC

Palm Springs FBO Two, LLC

Eagle Aviation Resources, Ltd

Macquarie Aviation North America 2

ILG Avcenter Inc

Trajen Flight Support LP

Aviation Contract Services, Inc.

Atlantic Aviation Stewart LLC

Mercury Air Centers, Inc.

SJJC FBO Services, Inc.

Rifle Jet Center LLC

SB Aviation Group, Inc.

Atlantic Aviation Albuquerque, Inc.

Sun Valley Aviation, Inc.

Atlantic Aviation Oklahoma City, Inc.

Atlantic Aviation Oregon General Aviation Services, Inc.

Atlantic Aviation Oregon FBO Inc.

Atlantic Aviation Kansas City, LLC

Atlantic Aviation Steamboat Hayden

Atantic Aviation – Orlando

Atlantic Aviation – West Palm Beach

Atlantic Aviation – St. Augustine

Atlantic Aviation – Stuart

Atlantic Aviation – Boca Raton

AA Charter Brokerage

Atlantic Aviation – Orlando Executive

Atlantic Aviation – Salt Lake City

Palomar Airport Center LLC

Atlantic Aviation – Montrose LLC

MIC Global Services, Inc.

Keystone Aviation Services, Inc.

Atlantic Aviation Opa Locka LLC